UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL W. HIATT and MARILEEN J. MCMAHON,<br><br>   Defendants. | CASE NO. C10-5333BHS<br><br>ORDER |

This matter comes before the Court on numerous motions filed by the parties. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file.

## I. PROCEDURAL BACKGROUND

On May 11, 2010, the Government filed the complaint in this action seeking to reduce federal tax assessments to judgment and foreclose federal tax liens against Defendants Paul W. Hiatt ("Hiatt") and Marileen J. McMahon ("McMahon"). Dkt. 1.

On April 8, 201, the Government filed a Motion to Amend Scheduling Order and to Amend the United States' Complaint. Dkt. 56. On April 19, 2011, each Defendant filed a response. Dkts. 64 & 65. On April 22, 2011, the Government replied. Dkt. 66.

On April 11, 2011, the Government filed a Motion to Compel. Dkt. 58. On April 26, 2011, Hiatt responded and included a motion for a protective order and a motion to strike deposition excerpts. Dkt. 72. On May 2, 2011, the Government replied. Dkt. 75.

ORDER - 1

On April 11, 2011, Hiatt filed a motion for extension of time and for leave to propound further interrogatories. Dkt. 60. On April 19, 2011, the Government responded. Dkt. 63.

On April 12, 2011, Hiatt filed a motion to compel. Dkt. 61. The Government did not respond.

On April 13, 2011, Hiatt filed a Motion in Petition for a Writ of *Quo Warranto*. Dkt. 62. On April 25, 2011, the Government responded. Dkt. 71. Hiatt did not reply.

On April 22, 2011, the Government filed a Motion for Protective Order. Dkt. 67. On May 2, 2011, Hiatt responded. Dkt. 76. On May 6, 2011, the Government replied. Dkt. 78.

## II. DISCUSSION

**A.     Motions for Extension of Time**

A court may extend certain dates and deadlines for good cause. Fed. R. Civ. P. 6(b). In this case, the parties have asked for an extension of the discovery deadlines and the remaining pretrial deadlines. *See* Dkts. 56 (Government) & 60 (Hiatt). Due to the numerous discovery disputes, it appears that a sixty-day extension of the discovery deadlines should allow the parties ample time to resolve their disputes. The discovery deadlines, however, cannot be altered without interfering with the other pretrial deadlines and trial date. Therefore, the Court will set a new trial date on the next available date that is sixty days from the current date and the Clerk will issue a new scheduling order in accordance with that new trial date.

**B.     Motion to Amend**

At this procedural posture, the Government may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. These rules afford courts discretion, and "courts have shown a strong liberality in allowing parties to amend

ORDER - 2

their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1375-6 (9th Cir. 1980).

In this case, the Government seeks to amend its complaint so that its requested relief of foreclosing and selling the subject property is free of certain interests of McMahon. Dkt. 56 at 6-9. The Government asserts that through recent discovery it has learned that Hiatt has conveyed interests in the subject property to McMahon before and during the time that Hiatt was being investigated by the IRS. *Id*. at 2. Defendants contend that the Government's proposed amendments would be futile and prejudicial. *See* Dkts. 64 & 65. These argument are without merit. Therefore, the Court grants the Government's motion to amend. The Government shall file the amended complaint no later than 5/25/11.

## C. Government's Motion to Compel

The Court must limit discovery if it "is obtainable from a more convenient, less burdensome, or less expensive source . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). The district court is vested with broad discretion "to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (internal quotation omitted).

In this case, the Government seeks an order to compel Hiatt to produce information that Hiatt received pursuant to a Freedom of Information Act ("FOIA") request to the Internal Revenue Service and documents consisting of correspondence between him and the Treasury Inspector General of Tax Administration. Dkt. 58. The Government asserts that Hiatt has objected to the production of this material on the grounds that the material is protected work product and because Hiatt intends to use the material for impeachment purposes. *Id*. at 3. While these objections may be baseless and frivolous, the Government has failed to show that this material is not obtainable from the

same public sources in which Hiatt obtained the material. Moreover, the Government, at this time, has failed to show actual and substantial prejudice. Therefore, the Court denies the Government's motion without prejudice.

Hiatt requests that the Court issue a protective order because all of the material he obtained via his FOIA request is protected legal work product. A party "may not discover documents and tangible things that are prepared in anticipation of litigation or for trial . . . ." Fed. R. Civ. P. 26(b)(3)(A). Documents requested from the government may have been sought in anticipation of litigation, but are not documents prepared by Hiatt in anticipation of litigation. Therefore, the Court denies Hiatt's motion for a protective order.

**D.**     *Quo Warranto*

The Supreme Court has stated that *quo warranto* "is an extraordinary proceeding, prerogative in nature, and . . . there is no statute delegating to an individual the right to resort to it." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933). Hiatt petitions the Court for a writ of *quo warranto* "to Compel the United States Attorneys to show by what authority they bring this action to reduce alleged federal tax assessments to judgment and to foreclose alleged federal tax liens . . . ." Regardless of Hiatt's inability to request such a writ, the Government's brief answers Hiatt's requests with cites to the Constitution of the United States, applicable case law, and relevant statutes. The Court encourages Hiatt to carefully read the brief and cites therein. The Court denies Hiatt's motion because he is not entitled to such a writ.

**E.**     **Hiatt's Motion to Compel and Motion for Leave**

In Hiatt's motion to compel, he fails to identify what disclosure or discovery he seeks to have compelled. *See* Dkt. 61. Therefore, the Court denies his motion.

In Hiatt's motion for leave to propound more interrogatories (Dkt. 60), he fails to state why his additional interrogatories would not be unreasonably cumulative or

ORDER - 4

duplicative. *See* Fed. R. Civ. P. 26 & 33. Moreover, other than conclusory allegations, Hiatt has failed to show how his defense would be prejudiced without the Government's answers to his additional interrogatories. Therefore, the Court denies his motion.

**F.     Government's Motion for a Protective Order**

The Government requests a "protective order prohibiting the taking of depositions of John Dean, Charles Washington, Charity Weaver, and Nathaniel Parker." Dkt. 67 at 8. Mr. Dean is a retired employee of the IRS. *Id*. at 3. Mr. Washington is a Revenue Officer for the IRS and is stationed in Tacoma, Washington. *Id*. Ms. Weaver is currently an Appeals Technician for the IRS and is stationed in Odgen, Utah. *Id*. Mr. Parker is counsel of record for the Government.

The Government contends that "the opinions and conclusions of IRS officials [are] irrelevant to the merits of the issues in various tax cases where the standard of review is *de novo*." *Id*. at 6 (citing numerous cases). The Court agrees. Hiatt's arguments to the contrary are without merit. Therefore, the Court grants the Government's motion and Hiatt is prohibited from taking the depositions of John Dean, Charles Washington, and Charity Weaver.

With regard to Mr. Parker's deposition, Hiatt must show that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Hiatt has failed to identify what information Mr. Parker possesses that is relevant, non-privileged, and crucial in the preparation of his case. *See* Dkt. 76 at 4-5. Therefore, the Court grants the Government's motion and Hiatt is prohibited from taking the deposition of Nathaniel Parker.

**G.    Hiatt's Motion to Strike**

Hiatt requests that the Court strike excerpts of his deposition from the record because he was not given an opportunity to review the deposition before it was used. Dkt. 72 at 4-5. A deponent must be allowed to review a transcript of the deposition. Fed. R. Civ. P. 30(e)(1). Hiatt, however, admits that he was allowed an opportunity to review the transcript of his deposition. Dkt. 72 at 4. Hiatt's complaint is that the Government did not provide copies of the transcript at the Government's expense. Hiatt has failed to show that the Government is obligated to provide free copies of his deposition transcript. Therefore, the Court denies his motion to strike.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

1.    The parties' motions for extensions of time (Dkts. 56 & 60) are **GRANTED**. The new trial date is 11/8/11. The Clerk will issue a new scheduling order consistent with this trial date.

2.    The Government's Motion to Amend the United States' Complaint (Dkt. 56) is **GRANTED**. The Government shall file the amended complaint by 5/25/11.

3.    The Government's Motion for a Protective Order (Dkt. 67) is **GRANTED**.

4.    The Government's Motion to Compel (Dkt. 58), Hiatt's motion to compel (Dkt. 61), Hiatt's Motion for Writ of Quo Warranto (Dkt. 62), Hiatt's motion for leave to propound further discovery (Dkt. 60), and Hiatt's motion for protective order and to strike deposition excerpts (Dkt 72) are **DENIED**.

DATED this 17th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6