UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>PAUL W. HIATT and MARILEEN J. MCMAHON,<br><br>              Defendants. | CASE NO. C10-5333BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS |

This matter comes before the Court on the United States' motion to dismiss Defendant Paul W. Hiatt's ("Hiatt") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike Hiatt's counterclaim. Dkt. 77. The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 5, 2011, the United States filed a motion to dismiss Hiatt's counterclaim pursuant to Rule 12(b)(6) or, in the alternative, to strike Hiatt's counterclaim. Dkt. 77. Hiatt did not oppose the motion.

## II. DISCUSSION

A pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). When "a party fails to file

ORDER - 1

papers in opposition to a motion, such failure may be considered by the court as an admission that the motion had merit." Local Rule CR 7(b)(2). Accordingly, because Hiatt failed to oppose the United States' motion, the Court considers this an admission that the motion has merit.

While the Court can liberally construe a pro se party's counterclaim, it cannot supply essential elements of a claim that are not plead. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate if the complaint fails to provide the defendant fair notice of a legally cognizable claim and notice of the grounds on which it rests or if the counterclaim fails to raise the right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Hiatt asserts counterclaims "acquired or maturing at any time during pendency of this action" but fails to provide any element of any claim. Dkt. 34 at 5. Therefore, the Court grants the United States' motion because Hiatt failed to state a claim for which this Court may grant relief.

### III. ORDER

Therefore, it is hereby **ORDERED** that the United States' motion to dismiss Hiatt's counterclaim is **GRANTED**.

DATED this 24th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2