UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

PAUL W. HIATT and MARILEEN J. MCMAHON,

    Defendants.

CASE NO. C10-5333BHS

ORDER

  This matter comes before the Court on Plaintiff United States of America's ("Government") motion to dismiss counterclaims (Dkt. 96) and Defendant Paul Wesley Hiatt's ("Hiatt") motion to compel (Dkt. 101). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Government's motion and denies Hiatt's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

  On May 11, 2010, the Government filed the complaint in this action seeking to reduce federal tax assessments to judgment and foreclose federal tax liens against Hiatt and Defendant Marileen J. McMahon ("McMahon"). Dkt. 1.

  On May 26, 2011, the Government filed an Amended Complaint. Dkt. 82. On June 21, 2011, Hiatt answered and asserted numerous counterclaims based on allegations that the Government is attempting to defraud him. Dkt. 93.

  On July 6, 2011, the Government filed a motion to dismiss the counterclaims. Dkt. 96. On July 20, 2011, Hiatt responded. Dkt. 102. On July 28, 2011, the Government replied. Dkt. 105.

ORDER - 1

On July 11, 2011, Hiatt filed a motion to compel. Dkt. 101. On July 22, 2011, the Government responded. Dkt. 103. Hiatt did not reply.

## II. DISCUSSION

### A. Government's Motion

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

The United States is immune from suit unless sovereign immunity has been waived. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992). The burden is on the party bringing suit to demonstrate the United States has consented to suit. *Hill v. United States*, 571 F.2d 1098, 1102-03 (9th Cir. 1978).

In this case, the Government argues that Hiatt has failed to show that the United States has waived sovereign immunity on any of Hiatt's counterclaims. Dkt. 105 at 1-2. The Court agrees. Although Hiatt has alleged a rather elaborate theory of conspiracy to reduce Hiatt's unpaid taxes to judgment, Hiatt has failed to either allege or show that the United States has waived sovereign immunity for the specific counterclaims that Hiatt has

asserted.  Therefore, the Court grants the Government's motion to dismiss Hiatt's counterclaims because Hiatt has failed to assert claims under a cognizable legal theory.

**B.     Motion to Compel**

On May 17, 2011, the Court issued a scheduling order and set the deadline for filing discovery motions as June 13, 2011.  Dkt. 80.  Hiatt filed his motion to compel on July 11, 2011, which is almost a month past the deadline.  Therefore, the Court denies Hiatt's motion as untimely. Even if the motion had been timely made, Hiatt has failed to establish that the Government has failed to comply with the discovery rules.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss counterclaims (Dkt. 96) is **GRANTED** and Hiatt's motion to compel (Dkt. 101) is **DENIED**.

DATED this 22nd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge