UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

PAUL W. HIATT and MARILEEN J. MCMAHON,

        Defendants.

CASE NO. C10-5333BHS

ORDER

This matter comes before the Court on the Court's request for further briefing (Dkt. 152), Plaintiff United States of America's ("Government") response (Dkt. 154), Defendant Marileen McMahon's ("McMahon") motion to set trial date and response (Dkt. 155), Defendant Paul Hiatt's ("Hiatt") motion to set trial date and response (Dkt. 156), Hiatt's motion for reconsideration (Dkt. 159), Hiatt's motion to file overlength brief (Dkt. 160), and McMahon's motion to alter or amend partial summary judgment and to dismiss (Dkt. 161). The Court has reviewed the briefs filed in support of and in opposition to the motions, the parties' additional responses, and the remainder of the file and hereby denies Hiatt's motions, denies McMahon's motions, and directs the Clerk to set this matter for a one-day bench trial.

## I. PROCEDURAL HISTORY

On May 11, 2010, the Government filed a complaint seeking to reduce federal tax assessments to judgment and foreclose federal tax liens against Hiatt and McMahon. Dkt. 1.

ORDER - 1

On August 8, 2011, the Government filed a motion for summary judgment. Dkt. 106. On December 14, 2011, the Court granted the motion in part and denied the motion in part. Dkt. 152. The Court granted the motion as to all interests that Hiatt has in the property commonly known as "7111 Raft Island Rd. NW, Gig Harbor, Washington 98335," or in the alternative, "9702 Kopachuck Dr. NW, Gig Harbor, Washington 98335" (hereinafter "Subject Property"). *Id*. The Court denied the motion as to McMahon's interest in the Subject Property. *Id*. The Court requested further briefing on how the parties intend to proceed with the remaining issues. *Id*.

On December 20, 2011, the Government filed a response. Dkt. 154. On December 22, 2011, Hiatt and McMahon filed responses and included motions to set a trial date. Dkts.155 & 156.

On January 4, 2012, Hiatt filed a motion for reconsideration. Dkt. 159. On January 11, 2011, Hiatt filed a motion for overlength brief (Dkt. 160) and McMahon filed a motion to alter and amend partial summary judgment and to dismiss McMahon (Dkt. 161).

## II. FACTS

Although the majority of the facts are set forth in the Court's summary judgment order, a few facts are relevant to the consideration of the Government's response. On February 25, 2003, Hiatt filed a quitclaim deed purporting to convey a one-half interest in the Subject Property to McMahon. Dkt. 108, Declaration of Nathaniel B. Parker ("Parker Decl."), ¶ 20, Exh. 19. The Government claims that just prior to the conveyance on February 25, 2003 and just six days before Hiatt's filing of the quitclaim deed, the IRS sent Mr. Hiatt notices of deficiency relating to the 1993, 1994, 1995, 1999, and 2000 tax years. Dkt. 107, Declaration of Revenue Agent Sean Flannery ("Flannery Decl."), Exhs. A-E. It is unknown when Hiatt actually received these notices, but he did attach them to a letter addressed to the IRS dated March 5, 2003. *See* Dkt. 42-3 at 1-19. The

Government also contends that Hiatt had previously received notices of delinquent tax returns and penalties from the IRS, and Hiatt had begun his defense to the liability with correspondence to the IRS. *See, e.g.,* Dkts. 42-1 at 59-99 & 42-2 at 22-29. The Government, however, has either failed to direct the Court's attention to the previously received notices in the record or has not submitted the previously received notices.

### III. DISCUSSION

**A. Trial**

The Government contends that the Court may set aside the transfer under applicable case law and statutes governing interspousal transfers. Specifically, the Government argues that the intent of the transfer is irrelevant if the transferring spouse does not have "ample means readily and conveniently accessible to his or her creditors . . . ." Dkt. 154 at 2 (citing *Clayton v. Wilson*, 145 Wn. App. 86, 102 (2008)). The *Clayton* court found as follows:

> Because Andrew was a known creditor at the time the Wilsons agreed to divide their property, Mr. Wilson did not receive reasonably equivalent value, the division rendered Mr. Wilson insolvent, and the Wilsons did not prove that the transfer was made in good faith, the trial court's conclusions on the various theories of fraudulent transfer are adequately supported. The remedy of voiding the transfer and freezing the assets was properly imposed.

*Id.* at 105.

Even if the Court ignores the intent or good faith element, there are still material questions of fact on the element of knowledge of the creditor. The Court is unaware of any authority for the proposition that a transfer may be set aside to satisfy an unknown debt. The Court recognizes that the Government is a creditor at the end of the tax year. However, the Government's evidence that Hiatt knew he owed unpaid taxes is the previously received notices that are not in the record and the assessments that were sent to Hiatt five days before the transfer. This creates a material question of fact that may be resolved in a short bench trial.

Therefore, the Court directs the Clerk to set this matter for a one-day bench trial to resolve the issues of knowledge and good faith. At this point it appears that there are only two relevant witnesses: Hiatt and McMahon. In the unlikely event that more witnesses are necessary, the Court will consider adding more trial days.

**B.    Hiatt's Motions**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Hiatt argues that the Court's decision that Hiatt is not entitled to a jury trial is erroneous. Dkt. 159. This motion is moot because the Court has granted the Government summary judgment on all of Haitt's interests in this matter. Therefore, the Court denies the motion for reconsideration (Dkt. 159).

Hiatt's other motions (Dkts. 156 & 160) are similarly denied as moot.

**C.    McMahon's Motions**

The Court has reviewed McMahon's motions and they are mostly frivolous. The Court does recognize MaMahon's concerns and arguments regarding the issue of ordering foreclosure on the property if her separate property interest is found to be a valid conveyance from Hiatt. The Court will consider these issues after the bench trial on the validity of the transfer. Therefore, the Court denies McMahon's motions (Dkts. 155 & 161).

## IV.  ORDER

Therefore, it is hereby **ORDERED** that McMahon's motion to set trial date and response (Dkt. 155), Hiatt's motion to set trial date and response (Dkt. 156), Hiatt's

motion for reconsideration (Dkt. 159), Hiatt's motion to file overlength brief (Dkt. 160), and McMahon's motion to alter or amend partial summary judgment and to dismiss (Dkt. 161) are **DENIED**. The Clerk is directed to set this matter for a one-day bench trial on May 1, 2012 and issue an abbreviated scheduling order.

DATED this 21st day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5