UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAUL W. HIATT and MARILEEN J. MCMAHON,<br><br>　　　　　Defendants. | CASE NO. C10-5333BHS<br><br>ORDER |

This matter comes before the Court on Defendant Paul Hiatt's ("Hiatt") motion for reconsideration (Dkt. 167) and the United States of America's ("Government") motion for reconsideration (Dkt. 166). The Court has reviewed the briefs filed in support of the motions, denies Hiatt's motion, requests responses to the Government's motion, renotes the Government's motion, and resets the pretrial deadlines.

**I. PROCEDURAL HISTORY**

On May 11, 2010, the Government filed a complaint seeking to reduce federal tax assessments to judgment and foreclose federal tax liens against Hiatt and McMahon. Dkt. 1.

On August 8, 2011, the Government filed a motion for summary judgment. Dkt. 106. On December 14, 2011, the Court granted the motion in part and denied the motion in part. Dkt. 152. The Court granted the motion as to all interests that Hiatt has in the property located at "7111 Raft Island Rd. NW, Gig Harbor, Washington 98335," or in the alternative, "9702 Kopachuck Dr. NW, Gig Harbor, Washington 98335" (hereinafter

ORDER - 1

"Subject Property"). *Id.* The Court denied the motion as to McMahon's interest in the Subject Property. *Id.* The Court requested further briefing on how the parties intend to proceed with the remaining issues. *Id.*

On December 20, 2011, the Government filed a response, which included argument that essentially asked the Court to reconsider its order on summary judgment. Dkt. 154. On December 22, 2011, Hiatt and McMahon filed responses and included motions to set aside the trial date. Dkts. 155 & 156. On February 21, 2012, the Court denied the motion to set aside a trial date and set the matter for a one-day bench trial. Dkt. 164. On February 29, 2012, Hiatt filed a motion for reconsideration. Dkt. 167. On March 1, 2012, the Government filed a motion for reconsideration. Dkt. 166.

## II. FACTS

Although the majority of the facts are set forth in the Court's summary judgment order, a few facts are relevant to the consideration of the Government's response (Dkt. 154) and instant motion for reconsideration (Dkt. 166). On February 25, 2003, Hiatt filed a quitclaim deed purporting to convey a one-half interest in the Subject Property to McMahon. Dkt. 108, Declaration of Nathaniel B. Parker ("Parker Decl."), ¶ 20, Exh. 19. The Government claims that just prior to the conveyance on February 25, 2003 and just six days before Hiatt's filing of the quitclaim deed, the IRS sent Mr. Hiatt notices of deficiency relating to the 1993, 1994, 1995, 1999, and 2000 tax years. Dkt. 107, Declaration of Revenue Agent Sean Flannery ("Flannery Decl."), Exhs. A-E. It is unknown when Hiatt actually received these notices, but he did attach them to a letter addressed to the IRS dated March 5, 2003. *See* Dkt. 42-3 at 1-19. The Government also contends that Hiatt had previously received notices of delinquent tax returns and proposed tax and penalties from the IRS, and Hiatt had begun his defense to the liability with correspondence to the IRS. *See, e.g.,* Dkts. 42-1 at 59-99 & 42-2 at 22-29. In the Government's instant motion, the Government directs the Court's attention to a letter

ORDER - 2

from Hiatt to the IRS dated December 16, 2002 in which Hiatt protests notices of tax deficiencies from the IRS for the years 2001, 1995, 1993, 1994, and 1999. Dkt. 166 at 3 (citing Dkt. 42-3 at 22-29).

### III.  DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

**A.   Hiatt's Motion**

Hiatt moves for reconsideration arguing that the Court denied him due process by not considering his jurisdictional and constitutional arguments. Dkt. 167 at 2-3. A brief summary of the arguments are set forth in the motion. *Id*. at 3-4. The Court has considered the arguments, allowed Hiatt ample time to respond to every Government motion, and allowed Hiatt ample latitude in filing briefs and/or motions. This is not a denial of due process. The problem is that Hiatt has been presenting the same arguments to the Government for at least the last ten years and the arguments are without merit. Therefore, the Court denies Hiatt's motion for reconsideration.

**B.   Government's Motion**

The Government moves for reconsideration arguing, in part, that Hiatt's transfer to McMahon should be set aside pursuant to RCW 26.16.050. Dkt. 166 at 1-2. In the Court's previous order, the Court stated that the Government "has either failed to direct the Court's attention to [Hiatt's] previously received [tax deficiency] notices in the record or has not filed the previously received notices." Dkt. 164 at 3. In the instant motion, the Government asserts that, due to a "typographical error," the reference to "Docket #42-2,

p. 22-29" should have been a reference to "Docket #42-3, p. 22-29." Dkt. 166 at 3. Upon review of this material, it appears that Hiatt's transfer to McMahon affected an existing equity in favor of creditors of Hiatt at the time of the transfer, which violates RCW 26.16.050. However, before the Court may grant a motion for reconsideration, the Court must allow the opposing party an opportunity to respond. Local Rule CR 7(h)(3). Therefore, the Court requests responses to the Government's motion and will set a briefing schedule.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Hiatt's motion for reconsideration (Dkt. 167) is **DENIED**. The Court requests responses to the Government's motion for reconsideration on the specific issue of whether Hiatt's transfer to McMahon violates RCW 26.16.050. Any response must be filed no later March 27, 2012 and may be no longer than 10 pages. The Government may reply no later than March 30, 2012 and the Government's motion is renoted for consideration on the Court's March 30, 2012 calendar.

The Clerk is directed to reset all pretrial deadlines to April 12, 2012.

DATED this 13th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge