UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PAUL W. HIATT and MARILEEN J. MCMAHON,

        Defendants.

CASE NO. C10-5333BHS

ORDER

This matter comes before the Court on the United States of America's ("Government") motion for reconsideration (Dkt. 166) and Defendant Marileen McMahon's ("McMahon") motion for an extension of time (Dkt. 170). The Court has reviewed the briefs filed in support of and in opposition to the motions and hereby denies McMahon's motion and grants the Government's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 11, 2010, the Government filed a complaint seeking to reduce federal tax assessments to judgment and foreclose federal tax liens against Paul Hiatt ("Hiatt") and McMahon. Dkt. 1.

On August 8, 2011, the Government filed a motion for summary judgment. Dkt. 106. On December 14, 2011, the Court granted the motion in part and denied the motion in part. Dkt. 152. The Court granted the motion as to all interests that Hiatt has in the property that is located at "7111 Raft Island Rd. NW, Gig Harbor, Washington 98335," or in the alternative, "9702 Kopachuck Dr. NW, Gig Harbor, Washington 98335"

(hereinafter "Subject Property"). *Id*. The Court denied the motion as to McMahon's interest in the Subject Property. *Id*. The Court requested further briefing on how the parties intended to proceed with the remaining issue. *Id*.

On December 20, 2011, the Government filed a response, which included argument that essentially asked the Court to reconsider its order on summary judgment. Dkt. 154. On December 22, 2011, Hiatt and McMahon filed responses and included motions to set aside the trial date. Dkts. 155 & 156. On February 21, 2012, the Court denied the motion to set aside a trial date and set the matter for a one-day bench trial. Dkt. 164. On March 1, 2012, the Government filed a motion for reconsideration. Dkt. 166. On March 13, 2012, the Court requested a response from McMahon to the Government's motion. Dkt. 168. On March 19, 2012, McMahon filed a motion for an extension of time to file a response. Dkt. 170.

## II. FACTS

Although the majority of the facts are set forth in the Court's summary judgment order, a few facts are relevant to the consideration of the Government's response (Dkt. 154) and instant motion for reconsideration (Dkt. 166). On February 25, 2003, Hiatt filed a quitclaim deed purporting to convey a one-half interest in the Subject Property to McMahon. Dkt. 108, Declaration of Nathaniel B. Parker ("Parker Decl."), ¶ 20, Exh. 19. The Government claims that just prior to the conveyance on February 25, 2003 and just six days before Hiatt's filing of the quitclaim deed, the IRS sent Mr. Hiatt notices of deficiency relating to the 1993, 1994, 1995, 1999, and 2000 tax years. Dkt. 107, Declaration of Revenue Agent Sean Flannery ("Flannery Decl."), Exhs. A-E. It is unknown when Hiatt actually received these notices, but he did attach them to a letter addressed to the IRS dated March 5, 2003. *See* Dkt. 42-3 at 1-19. The Government also contends that Hiatt had previously received notices of delinquent tax returns and proposed tax and penalties from the IRS, and Hiatt had begun his defense to the liability with

correspondence to the IRS. *See, e.g.,* Dkts. 42-1 at 59-99 & 42-2 at 22-29. In the Government's instant motion, the Government directs the Court's attention to a letter from Hiatt to the IRS dated December 16, 2002 in which Hiatt protests notices of tax deficiencies from the IRS for the years 2001, 1995, 1993, 1994, and 1999. Dkt. 166 at 3 (citing Dkt. 42-3 at 22-29).

### III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

The Government moves for reconsideration arguing, in part, that Hiatt's transfer to McMahon should be set aside pursuant to RCW 26.16.050. Dkt. 166 at 1-2. In the Court's previous order, the Court stated that the Government "has either failed to direct the Court's attention to [Hiatt's] previously received [tax deficiency] notices in the record or has not filed the previously received notices." Dkt. 164 at 3. In the instant motion, the Government asserts that, due to a "typographical error," the reference to "Docket #42-2, p. 22-29" should have been a reference to "Docket #42-3, p. 22-29." Dkt. 166 at 3. Upon review of this material, the Court finds that Hiatt's transfer to McMahon affected an existing equity in favor of creditors of Hiatt at the time of the transfer, which violates RCW 26.16.050.

The Court requested a response from McMahon. Dkt. 164. Instead of responding, McMahon filed a motion for an extension of time (Dkt. 170) and a motion to reset trial (Dkt. 171). McMahon has failed to show good cause for an extension of time to respond to the Court's simple question. The fact that McMahon had sufficient time to file two

motions alleging various procedural errors shows that she had sufficient time to respond to seven pages of evidence relating to a simple legal issue before the Court. Therefore, the request for an extension is denied.

With respect to the issue of a fraudulent transfer, the Government has shown that it is entitled to summary judgment on this issue. Therefore, the Court vacates its previous order that denied the Government's motion for summary judgment and grants the Government's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that McMahon's motion for an extension of time (Dkt. 170) is **DENIED**, the Government's motion for reconsideration (Dkt. 166) is **GRANTED**, the Court's previous order denying the Government's motion for summary judgment (Dkt. 152) is **VACATED**, and the Government's motion for summary judgment (Dkt. 106) is **GRANTED**. The remaining motions (Dkts. 169 & 171) are **DENIED as moot**.

The Clerk is directed to enter judgment for the Government and close this case.

DATED this 10th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge